Filed 8/17/21  P. v. Brown CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076631 |
| v. | (Super.Ct.No. FSB20001020) |
| CORWIN BROWN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Micah Reyner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL HISTORY

A.     PROCEDURAL HISTORY

On August 7, 2020, defendant and appellant Corwin Brown pled no contest to one felony count of making a criminal threat in violation of Penal Code section 422.

1

However, prior to his sentencing, defendant moved to withdraw his plea. At the hearing on the motion to withdraw on January 4, 2021, the trial court denied defendant's motion. Thereafter, the trial court sentenced defendant to 16 months in prison pursuant to the terms of the plea agreement.

On February 22, 2021, defendant filed a notice of appeal challenging the validity of his plea and requested a certificate of probable cause. The trial court denied defendant's request for a certificate of probable cause. On March 3, 2021, defendant filed a notice of appeal based on "matters that occurred after the plea and do not affect its validity."

B.    FACTUAL HISTORY

On March 21, 2020, a gas station attendant detained defendant after an argument regarding the purchase of cigarettes. The police came to the gas station and interviewed the attendant. The attendant told the police that the argument occurred at a walk-up window and during the argument, he refused to open the door to the gas station to let defendant inside. Thereafter, defendant told the attendant that "he was going to have his homeboys come in and catch a fade." As defendant was talking to the attendant, defendant lifted up his shirt to reveal a gun.

**DISCUSSION**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this

court to undertake a review of the entire record.  Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:  "Does the record show appellant's plea of no contest was voluntary and intelligent?  (See *North Carolina v. Alford* (1970) 400 U.S. 25, 31.)"

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error.  We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Id.* at p. 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

**DISPOSITION**

The appeal is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

3